UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>LARA-VARGAS, Ysauro,<br>Defendant. | Case No. 5:16-cr-00264-LHK (SVK)<br><br>**DETENTION ORDER** |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), the Government moved for detention of the defendant, LARA-VARGAS, Ysauro and the Court on November 22, 2019, held a detention hearing to determine whether any condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. Although defendant waived written findings, the Court believes in this instance it is prudent to set forth the Court's findings of fact and conclusions of law as provided in 18 U.S.C. § 3142(i). The Court finds that detention is warranted because the defendant poses both a flight risk and a danger to the community.

The defendant was present at the detention hearing, represented by his attorney, Federal Public Defender Severa Keith. The Government was represented by Assistant U.S. Attorney Jimmy Doan.

The defendant is charged by indictment in this District with one felony count in violation of Title 8, United States Code, Section 1326 -Illegal Re-Entry Following Deportation.

As documented in the ECF records, LARA-VARGAS initially appeared and was arraigned on November 20, 2019. A detention hearing was scheduled for November 22, 2019, and a pre-

bail report was requested. A report prepared by Pretrial Services on November 21, 2019, recommends that LARA-VARGAS be detained as a flight risk and as a danger to the community.

The detention hearing was held publicly. Both parties were allowed an opportunity to call witnesses and to present evidence. Both parties presented their arguments by way of proffer through counsel. Both parties may appeal this detention order to the assigned trial judge, U.S. District Judge Lucy Koh.

**I.   PRESUMPTIONS**

The charged offense does not create a rebuttable presumption of detention.

**II.   REBUTTAL OF PRESUMPTIONS**

Not applicable.

**III.   WRITTEN FINDINGS OF FACT AND STATEMENT OF REASONS**

The Court has taken into account the factors set out in 18 U.S.C. § 3142(g) and all of the information submitted at the hearing and finds as follows:

The Court adopts the facts set forth in the Pretrial Services Report, supplemented by information presented at the hearing. The Court finds that the Government has established by more than a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of defendant at future proceedings. The reasons for the detention, notwithstanding defendant's long time residency in and familial ties to California, include the following: the weight of the evidence; conflicting statements from defendant as to his primary residence; defendant's alleged employer denying having ever employed defendant; defendant's use of multiple aliases and social security numbers over time, including providing false identification to a peace office in 2016; two outstanding warrants in two state cases; the lack of an adequate surety. The Court further finds that the Government has established by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community. The reasons for detention on these grounds include the following: a 2012 felony conviction for assault with a deadly weapon; an extensive criminal history including multiple weapons related charges and convictions, coupled with a known gang affiliation from which the Court reasonably infers that defendant is an active gang member; numerous probation

modifications from which the Court reasonably infers Defendant is not amenable to supervised release conditions.

**IV.     DIRECTIONS REGARDING DETENTION**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on the request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED.**

Dated: **November**  25, 2019

_____
SUSAN VAN KEULEN
United States Magistrate Judge