UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>YSAURO LARA-VARGAS,<br>Defendant. | Case No. 16-cr-00264-LHK-1 (SVK)<br><br>**ORDER DENYING RECONSIDERATION OF DETENTION**<br><br>Re: Dkt. No. 13 |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f)(B), Defendant moved to reopen detention proceedings based upon the identification of new information. Specifically, Defendant has identified an additional surety, a long-time friend of Defendant, who is willing to sign an unsecured bond, as well as former employers who were presented for proof of employment and as character witnesses. Defendant also argues that the current public health emergency warrants release.

For the reasons set forth below, the Court DENIES Defendant's motion. Either party may appeal this order to the presiding judge, the Honorable Lucy Koh.

The detention hearing was held telephonically on the consolidated criminal duty calendar in accordance with General Orders 72, 74. The Defendant participated, represented by his attorney, Federal Public Defender Severa Keith. The Government was represented by Assistant U.S. Attorney Jeff Nedrow. Pretrial Services Office Anthony Granados also participated. Both parties were allowed an opportunity to call witnesses and to present evidence. A former employer of Defendant, Mr. Tim Billington, responded to questions from the Court. All other evidence was presented by way of proffer through counsel.

The Defendant is charged by indictment in this District with one felony count in violation of Title 8, United States Code, Section 1326 - Illegal Re-Entry Following Deportation. He was

previously detained as a flight risk and danger to the community on November 25, 2019. Dkt. 8. Defense counsel filed this motion for reconsideration on March 27, 2020 (Dkt. 13) and the Government filed an opposition on April 1, 2020 (Dkt. 18). The hearing took place on April 2, 2020.

The Court has taken into account the factors set out in 18 U.S.C. §§ 3142(f)(2)(B) and 3142(g), the arguments set forth in Defendant's Motion for Reconsideration of Detention and the citations to publicly available documents contained therein, the Government's Opposition, the arguments of counsel presented at the hearing, and the information provided by Pretrial Services, including an addendum to the original pre-bail report which recommends that Defendant remain detained as both a flight risk and danger to the community.

The Court finds the identification of an additional surety addresses only the risk of flight, and does not, by itself change the Court's previous findings that the Government has established by more than a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of defendant at future proceedings. The Court had previously evaluated the presence of sureties, including a surety who was then and still is willing to post a secured bond, and found that the Defendant presented a risk of nonappearance. The addition of a surety willing to post an unsecured bond does not change that conclusion. The reasons for the detention, notwithstanding defendant's long-time residency in and familial ties to California, include the following: the weight of the evidence; and remaining uncertainty as to Defendant's residential situation. The proffer regarding residence is that for work reasons, Defendant splits his time between his mother's residence in Lindsay, California and that of his wife and children in Modesto. Upon release Defendant would reside with his mother, who is 80 years old. There was no proffer of a custodian at the residence. In addition, the Court remains concerned that Pretrial Services was unable to make contact with Defendant's wife. This concern is heightened by Defendant's criminal history involving domestic violence in the time frame of the marriage. A further concern is that the proffered employer, Mr. Billington, made contrary statements to Defense Counsel and Pretrial Services regarding Mr. Lara Vargas's employment. The Court does not doubt that each officer of the court accurately represented their encounters with Mr. Billington.

1  The confusion may have arisen from Defendant's use of an alias (as noted below).  In sum, the
2  confusion, in addition to Defendant's immigration status, renders it far from certain that Defendant
3  would have a job upon release.  Additional significant concerns remain, including Defendant's use
4  of as many as 15 aliases and multiple social security numbers over time, including providing false
5  identification to a peace officer in 2016; and two outstanding warrants in two state cases.

6  The Court further finds that the Defendant's proffer does nothing to disturb the Court's
7  previous finding that the Government has established by clear and convincing evidence that no
8  condition or combination of conditions will reasonably assure the safety of the community.  A
9  new, additional surety does not address any of the factors previously relied upon by the Court.
10 The Court acknowledges and appreciates the proffer of former employers as character witnesses to
11 attest to Defendant's efforts at reform in recent years.  However, the reasons for detention on these
12 grounds included and still include the following:  a 2012 felony conviction for assault with a
13 deadly weapon; an extensive criminal history including multiple weapons related charges and
14 convictions, coupled with a known gang affiliation; and numerous probation modifications from
15 which the Court reasonably infers Defendant is not amenable to supervised release conditions.
16 Again, Defendant did not proffer a suitable custodian who could effectively monitor Defendant.

17 Defendant did suggest that location monitoring could address the danger factor, however, the
18 for the reasons set forth above, the Court does not find Defendant a suitable candidate for such
19 supervision.  The Court would be very reluctant to burden any District with the additional labor
20 required for location monitoring when resources are strained due to the current public health
21 emergency.  Further, Defendant would be supervised in the Eastern District of California, and at the
22 hearing Pretrial Services informed the Court that the Eastern District is not currently conducting any
23 home or site visits; supervision is by telephone only.  As such, release under these conditions would
24 be on the "honor system."  Under these circumstances, Defendant remains a threat to the safety of the
25 community.

26 The Court notes that Defendant also raised the current COVID-19 situation as a factor
27 militating in favor of release.  At the hearing, Defense counsel informed the Court that Defendant had
28 in recent weeks been hospitalized due to a reaction to medication for his back.  During that stay,

3

Defendant "had some issues with his heart." Defendant also informed Defense counsel that he had, in the past, experienced a couple of "heart incidences." The original Pretrial services report, from November 2019, indicates that Defendant identified only his back as a health concern. The Court finds the proffer, uncorroborated by medical evidence, too vague to support a finding that Defendant presents high risk factors for COVID-19. In addition, the Court notes that, as of this writing, there have not yet been any confirmed cases of COVID-19 in the jail (although this may very well change). Therefore, the Court is not persuaded that the COVID-19 situation by itself is a sufficient reason to revoke Defendant's detention.

In the same vein, Defendant argues that COVID-19 restrictions at the jail are impacting his ability to prepare his defense. Defendant does not proffer any facts in support of this impact, other than contact is limited to telephonic communications. Although no one knows how long the COVID-19 restrictions may be remain in place, this matter is not yet set for trial. At this time, under the facts presented, the Court does not find that COVID-19 presents a compelling reason for release.

Defendant's Motion for Reconsideration of Detention is DENIED; Defendant is to remain in pretrial custody.

**SO ORDERED.**

Dated: April 2, 2020

_____
SUSAN VAN KEULEN
United States Magistrate Judge